IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH RANDOLPH,              §
                               §  No. 371, 2018
      Plaintiff Below,          §
      Appellant,                §
                               §
                               §  Court Below—Superior Court
      v.                        §  of the State of Delaware
                               §
STATE OF DELAWARE BOARD         §  C.A. No. N15M-04-060
OF PAROLE, DAVID                §
HENDERSON, MARLENE              §
LICHTENSTADTER, RICHARD         §
NEGLEY, and RALPH               §
LIBERATORE                      §
                               §
      Defendants Below,         §
      Appellees.                §

Submitted:  February 22, 2019
Decided:  April 16, 2019

Before **STRINE,** Chief Justice; **VAUGHN** and **SEITZ**, Justices.

**O R D E R**

Upon consideration of the parties' briefs and the record on appeal, it appears

to the Court that:

(1)    The appellant, Kenneth Randolph, filed this appeal from the Superior

Court's order, dated June 19, 2018, in which the Superior Court denied Randolph's

motion for leave to amend his petition for a writ of mandamus, dismissed his

petition, and denied his motion for leave to proceed *pro se* as moot.  We conclude

that the Superior Court did not abuse its discretion and affirm.

(2)　In 1980, Randolph pleaded guilty to one count of rape and was sentenced to life imprisonment.  He was released on parole in 1993.  In March 2014, he was arrested on multiple criminal charges.  After a hearing before the Board of Parole (the "Board") on July 29, 2014, the Board revoked his parole.  On November 13, 2014, his new criminal charges were dismissed.  In April 2015, Randolph filed a petition for a writ of mandamus.  His amended petition and his amended prayer for relief requested the Superior Court to direct the defendants to reinstate his parole and sought other relief.  Among other arguments, Randolph asserted that his hearing before the Board was unfair because he did not receive notice of the hearing and have an opportunity to prepare.  The Superior Court dismissed the petition for mandamus, and Randolph appealed.

(3)　On appeal, Randolph argued that the Board abused its discretion by holding his violation hearing before his underlying criminal charges were resolved.  He also contended that there was insufficient evidence to prove that he violated parole and argued that the Board violated his due process rights.  Because Randolph could not establish a clear legal right to the relief he requested—including the reinstatement of his parole—this Court affirmed the Superior Court's judgment.[1]  But the Court also noted that "[i]n cases involving the Board of Parole, the Superior

---

[1] *See Randolph v. State*, 2017 WL 512471 (Del. Feb. 6, 2017) ("A writ of mandamus is an extraordinary remedy that the Superior Court may issue to a state agency or official to compel the performance of a non-discretionary duty to which the petitioner has established a clear legal right. . . . The Board's final decision to revoke or continue parole, however, is entirely discretionary and is not subject to mandamus relief.").

Court has an obligation to ensure that the process afforded to the parolee comports with the minimum requirements of due process."[2] The Court determined that Randolph had raised "significant due process issues" and therefore remanded the case to the Superior Court for the appointment of counsel, who could help Randolph "ascertain the factual record and present an amended complaint in a proper procedural posture, if such a complaint is deemed by counsel to be appropriate," and leave to file an amended complaint.[3]

(4) Randolph was appointed counsel, who sought a new hearing with the Board. The Board undertook a review of the circumstances of the July 2014 hearing. In an April 12, 2018 letter to Randolph, the Board summarized its findings as follows:

> On April 10, 2018, the Board reviewed the facts of your July 29, 2014 violation hearing. It was determined that you were arrested by Delaware State Police and charged with PWID and that you did not report your change of address to your supervising officer. In addition, you did not participate in sex offender groups, as required by the Board's December 11, 2012 special conditions. All of these incidents violated the terms of your paroled release.
>
> On April 8, 2014, you signed a Preliminary Hearing Activation and Tracking form. By signing, you acknowledged receipt of the violation report.

---

[2] *Id.* In *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), the United States Supreme Court set forth the minimum requirements of due process for parole revocation hearings, which include (i) notice of the claimed violations, (ii) disclosure to the parolee of the evidence against him, (iii) an opportunity to be heard in person and present evidence, (iv) the right to confront and cross-examine witnesses against him, (v) a neutral and detached hearing body, and (vi) a written statement of the reasons for revoking parole.

[3] *Randolph*, 2017 WL 512471.

> At the start of the July 29, 2014 hearing, you were asked if you wished to proceed with the violation hearing. You had an opportunity to ask that the hearing be deferred until such time as you obtained an attorney. You indicated that you wanted to go forward with the process.
>
> The disposition of the July 29, 2014 [hearing] remains in effect. You are able to reapply for parole consideration on July 29, 2018.

(5)  On June 6, 2018, Randolph's counsel filed a letter informing the Superior Court of the Board's findings and indicating that he intended to file a motion to withdraw. Shortly thereafter, counsel filed a motion to withdraw, which stated that he had "made a conscientious examination of the record and the law and has exhausted all reasonable efforts to obtain a new hearing and [] concluded that the action is now without merit."

(6)  On June 13, 2018, Randolph filed a motion to proceed *pro se* and for leave to file a new complaint. The Superior Court denied Randolph's motion and dismissed the action with prejudice. The court stated that the "Board found that Mr. Randolph had waived the appearance of counsel at his hearing in 2014 and therefore denied the request" for a new hearing. The court concluded that "Randolph may have a new cause of action, the Court has no opinion on the matter. But this particular matter seeking a writ of mandamus against the parole authorities has been fully litigated and finally decided. We are well past the point of amending pleadings and asserting new claims under this case caption." Randolph has appealed to this Court.

(7) "A writ of mandamus is an extraordinary remedy that the Superior Court may issue to a state agency or official to compel the performance of a non-discretionary duty to which the petitioner has established a clear legal right. . . . The Board's final decision to revoke or continue parole, however, is entirely discretionary and is not subject to mandamus relief."[4] This Court remanded for the appointment of counsel to "ascertain the factual record and present an amended complaint in a proper procedural posture, if such a complaint is deemed by counsel to be appropriate."[5] After seeking another hearing from the Board and considering the Board's letter concerning the process surrounding the 2014 hearing, counsel determined that any further proceedings would be without merit. The Superior Court did not abuse its discretion when it denied Randolph's request to amend his petition and dismissed the case.[6]

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment is AFFIRMED. Randolph's motion for this Court to appoint counsel on appeal is denied.

BY THE COURT:

/s/ James T. Vaughn, Jr.

---

[4] *Id.*

[5] *Id.*

[6] *King v. State*, 2015 WL 317128 (Del. Jan. 23, 2015) ("We review the Superior Court's denial of a petition for a writ of mandamus for abuse of discretion.").

5